# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JACOB D. YORK,**

      **Plaintiff,**

      **v.**                           **CASE NO.  20-3124-SAC**

**STATE OF KANSAS,**
**et. al,**

      **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jacob D. York is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

## I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 5.)  Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ").

Plaintiff alleges that he is subjected to cruel and unusual punishment because his detention prevents him from practicing social distancing which is necessary due to the COVID-19 pandemic.  Plaintiff alleges that the risk of contracting COVID-19 is high because the bunks are only two feet apart instead of the six feet required for social distancing.  Plaintiff also alleges that there is no access to bleach and detainees are required to use their own cleaning supplies to clean the dorms.  Plaintiff foresees "bad things as other jails are experiencing."  Plaintiff alleges that bond amounts are too high and he should be free from the assault of COVID-19.

Plaintiff names as defendants:  the State of Kansas; the SCJ; Governor Laura Kelly; and Sheriff Jeff Easter.  Plaintiff seeks release from detention on his own recognizance or with electronic monitoring if necessary.  Plaintiff also seeks "bleach, Lysol foggers, more showers, [and] proper testing."

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Conditions of Confinement

Plaintiff appears to be a pretrial detainee at the SCJ.  Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (citations omitted).   "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest."  *Id.* (citations omitted).  The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Id.* at 536–37.   To determine when restrictions pass, as  a matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013).   "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective."  *Id.* (citing *Bell*, 441 U.S. at 538–39).

Plaintiff has not alleged an intent to punish on the part of staff at the SCJ. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  *Bell*, 441 U.S. at 540.  "[I]n addition to ensuring the detainees' presence at trial, the effective

management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment."   The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."  *Id*. at 540, n.23 (citations omitted).

Plaintiff has not stated a claim for relief based on his conditions of confinement.  The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims."   *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). [1]

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his

---

[1] The court in *Kelley* noted that:

> In *Kingsley v. Hendrickson*, "the Supreme Court held that the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act 'maliciously and sadistically to cause harm,' does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)); *see also Burke*, 935 F.3d at 991 n.9. The "[c]ircuits are split on whether *Kingsley* alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," with the Tenth Circuit not yet having decided the issue. *Vallina*, 757 F. App'x at 646–47 (noting that the Second, Seventh, and Ninth Circuits have found *Kingsley* displaces the prior subjective inquiry for conditions of confinement and inadequate medical care claims, while the Fifth, Eighth, and Eleventh Circuits have held that *Kingsley* applies only to excessive force claims).

*Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at n.74 (D. Kan. Dec. 9, 2019).

safety.'" *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019).  To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)).  However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

Plaintiff has not shown that defendants knew of and disregarded an excessive risk to his health and safety.  He alleges a general concern regarding COVID-19, but does not allege that he has underlying health conditions that place him at a higher risk or that there are positive cases of COVID-19 at the SCJ.  Plaintiff should show good cause why his claims regarding his conditions of confinement should not be dismissed for failure to state a claim.

## 2. Detention Facility

Plaintiff names the SCJ as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person

or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the SCJ are subject to dismissal.

### 3. Personal Participation

Plaintiff has failed to allege how Sheriff Easter or Governor Kelly personally participated in the deprivation of his constitutional rights, and appears to rely on the supervisory status of the Sheriff. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for

the continued operation of a policy that (2) caused the complained of constitutional harm, and (3)

acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*

*v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he

factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional

provision at issue, including the state of mind required to establish a violation of that provision."

*Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 4. Habeas Nature of Claim

Plaintiff's claim that he is entitled to release is without merit. "[H]abeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and

seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing

*Prieser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). Therefore, Plaintiff's request for release is

not cognizable in this civil rights case. If Plaintiff wishes to pursue release, he must file a

petition for writ of habeas corpus or seek relief in his underlying criminal case.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for

the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper

amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]

Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3124-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 28, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 28, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 28, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
