**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JACOB D. YORK,**

      **Plaintiff,**

      v.                                   **CASE NO. 20-3124-SAC**

**STATE OF KANSAS,
et. al,**

      **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). On July 28, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff until August 28, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted an opportunity to file a proper amended complaint.

This matter is before the Court on Plaintiff's Response (Doc. 9) seeking an extension of time to respond to the MOSC, and his Motion to Appoint Counsel (Doc. 10). The Court grants Plaintiff's request for additional time to respond to the MOSC.

Plaintiff requests the appointment of counsel, arguing that his access to the law library is limited, the SCJ has approximately 100 positive cases of COVID-19 which causes unwarranted restrictions, and he is indigent. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir.

1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **September 11, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons set forth in the Court's MOSC at Doc. 8.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 11, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed in the Court's MOSC at Doc. 8.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 10) is denied without prejudice.

**IT IS SO ORDERED**.

**Dated August 18, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**