IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB D. YORK,

       Plaintiff,

       v.                                                      CASE NO.  20-3124-SAC

STATE OF KANSAS,
et. al,

       Defendants.

## MEMORANDUM AND ORDER

    Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 5.)  Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  On July 28, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 13).  The Court's screening standards are set forth in the MOSC.

    Plaintiff alleges that he is being subjected to cruel and unusual punishment because his detention prevents him from practicing social distancing which is necessary due to the COVID-19 pandemic.   Plaintiff alleges that of the SCJ's inmate population of 1500, approximately 700 inmates have tested positive.  Plaintiff alleges that the risk of contracting COVID-19 is high because the bunks are only two feet apart instead of the six feet required for social distancing.

    As Count I, Plaintiff makes bald conclusions that various rights have been violated. Plaintiff alleges that:

          United States Constitutional Violations consist of but not limited to
          the following: (1st) Amendment, (4th) Amend, (5th) Amend, (6th)

> Amend, (8th) Amend, & (14th) Amend.  Also violation of the Kansas Bill of Rights are as follows: (1st), (5th), (3rd) (7th), (8th), (9th), (10th), (11th), (15th) & (18th) Kansas Bill of Rights.

(Doc. 13, at 6.)  In support, Plaintiff alleges that his rights were violated by defendants because "[s]ince the beginning of this pandemic orders have been issued & plans placed in play, only to be intentionally ignored in order for parties involved personal gain.  Financial relief funds have been approved to ensure relief yet none has been met."  *Id*.

The Court finds that Count I fails to state a claim for relief.  A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

Plaintiff's Count II is based on his conditions at the SCJ in light of the positive COVID-19 cases.  Plaintiff alleges that the SCJ is housing positive and negative inmates together in Pod housing.  Plaintiff also alleges that he is being denied the proper means to clean because he is only allowed one shower per day and there is no bleach or disinfectant soap.  Plaintiff also claims there is no outside recreation, the courts have stopped the speedy trial clock for the remainder of the pandemic plus 150 days, and there are no lawyer visits or religious worship opportunities.  Plaintiff alleges that there are no new face masks and inmates are only allowed to change their jumpsuits once per week.  Plaintiff alleges that the SCJ is housing inmates "untested from the streets," staff refuse to wear masks or gloves, and there is no contact tracing.  Plaintiff

alleges that he is a pretrial detainee with pre-existing health issues "like heart defects & asthma." (Doc. 13, at 9.)

Plaintiff's claim that he is entitled to release is without merit. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Prieser v. Rodiguez*, 411 U.S. 475, 488-490 (1973)). Therefore, Plaintiff's request for release is not cognizable in this civil rights case. If Plaintiff wishes to pursue release, he must file a petition for writ of habeas corpus or seek relief in his underlying criminal case.

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)). [1]

"The Due Process Clause of the Fourteenth Amendment requires that a pretrial detainee be provided 'humane conditions of confinement by ensuring the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee his

---

[1] The court in *Kelley* noted that:

> In *Kingsley v. Hendrickson*, "the Supreme Court held that the Eighth Amendment standard for excessive force claims brought by prisoners, which requires that defendants act 'maliciously and sadistically to cause harm,' does not apply to Fourteenth Amendment excessive force claims brought by pretrial detainees." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)); *see also Burke*, 935 F.3d at 991 n.9. The "[c]ircuits are split on whether *Kingsley* alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," with the Tenth Circuit not yet having decided the issue. *Vallina*, 757 F. App'x at 646–47 (noting that the Second, Seventh, and Ninth Circuits have found *Kingsley* displaces the prior subjective inquiry for conditions of confinement and inadequate medical care claims, while the Fifth, Eighth, and Eleventh Circuits have held that *Kingsley* applies only to excessive force claims).

*Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at n.74 (D. Kan. Dec. 9, 2019).

safety.'"  *Routt*, 764 F. App'x at 770 (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (ellipsis, brackets, and internal quotation marks omitted)); *see also Kelley v. Wright*, No. 2:19-CV-02278-JAR-JPO, 2019 WL 6700375, at *10 (D. Kan. Dec. 9, 2019).  To establish liability, a pretrial detainee must show: "(1) the official[ ] knew of and disregarded an excessive risk to his health and safety, and (2) the alleged deprivation was sufficiently serious." *Routt*, 764 F. App'x at 770 (citing *Ledbetter*, 318 F.3d at 1188 (citation, brackets, and internal quotation marks omitted)).  However, "jail conditions may be restrictive and even harsh without violating constitutional rights." *Id.* (citing *Ledbetter*, 318 F.3d at 1188 (internal quotation marks omitted)).

The Court finds that the proper processing of Count II of Plaintiff's Amended Complaint cannot be achieved without additional information from appropriate officials of the SCJ.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of the SCJ to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    Officials responsible for the operation of the SCJ shall have **thirty (30) days** to prepare the *Martinez* Report.

(2)    Officials responsible for the operation of the SCJ are directed to undertake a review of the subject matter of Count II of the Amended Complaint:

a.    To ascertain the facts and circumstances;

b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of Count II of the Amended Complaint; and

c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to Count II of the Amended Complaint and should be considered together.

(3)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The SCJ officials must seek leave of the Court if they wish to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(4)      Authorization is granted to the officials of SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5)      No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6)      Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Amended Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this order shall be transmitted to Plaintiff, to the SCJ Sheriff, and to the Sedgwick County District Attorney.

**IT IS SO ORDERED.**

**Dated September 10, 2020, in Topeka, Kansas.**

                                    **s/ Sam A. Crow**
                                    **Sam A. Crow**
                                    **U.S. Senior District Judge**